

**FILED**
**DECEMBER 11, 2009**
KAREN S. MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ERIC DEWAYNE HODGE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:09-CV-053 |
| | § | |
| RICK THALER, | § | |
| Director, Texas Dep't of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION TO DISMISS**
**PETITION FOR A WRIT OF HABEAS CORPUS**

Petitioner has filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. section 2254 in which he challenges the result of a July 29, 2008 prison disciplinary proceeding. Petitioner is presently incarcerated at the Clements Unit pursuant to two 2001 convictions for the offense of Delivery of a Controlled Substance out of Smith County, Texas, and the resultant fourteen-year sentence. As a result of disciplinary proceeding number 20080323536, petitioner was found guilty of sexual misconduct. Petitioner lost 730 days of good-time credit and suffered 30 days special cell restriction, 45 days commissary restriction, a reduction in line class, and an increase in custody level. For the reasons hereinafter expressed, the undersigned United States Magistrate Judge if of the opinion petitioner's application for federal habeas corpus relief should be DISMISSED.

I.

## FACTUAL AND PROCEDURAL BACKGROUND

In July 2008 petitioner was found guilty of violating Code 20, sexual misconduct, of the Disciplinary Rules and Procedures for Offenders of the Texas Department of Criminal Justice (TDCJ). The offense occurred on July 25, 2008, and the disciplinary case number for the offense was 20080323536 (hereinafter 3536). This was petitioner's third Code 20 offense. On July 27, 2008, petitioner committed another Code 20 violation, which was prosecuted in disciplinary case number 20080323482 (hereinafter 3482). (Disciplinary Hearing Record, pg. 11). In case 3482, petitioner was found guilty and lost 420 days of good-time credits. (Memorandum in Support of Petition for Writ of Habeas Corpus, Exhibit A, pg. 3). Petitioner was found guilty in both cases on July 29, 2008. (*Id.*).

Petitioner appealed case 3536, complaining that there was insufficient evidence to support the decision and that the punishment assessed was too severe. To this, petitioner received the following response:

> There is sufficient evidence to support the finding of guilt. The punishment you were given is within current guidelines. No procedural errors were noted. You lost 420 days of good time which is within guidelines. No further action necessary.

(Memorandum in Support of Petition for Writ of Habeas Corpus, Exhibit A, pg. 2). The disciplinary records indicate, as petitioner has represented to this Court and TDCJ, that he in fact lost 730 days of good-time credits in case 3536, and 420 days of good-time credits in case 3482. (Disciplinary Hearing Records, pg. 2).

Petitioner next filed a Step 2 Offender Grievance Form, complaining the first appeal was incorrectly reviewed, as evidenced by the incorrect statement as to loss of good-time credits, and the punishment was too severe. To this, petitioner received the following response:

> Major Disciplinary Case #200803<u>23482</u> has been reviewed. The disciplinary charge was appropriate for the offense and the guilty verdict was supported by a preponderance of the evidence. All due process requirements were satisfied and the punishment assessed by the Disciplinary Hearing Officer was within agency guidelines. No further action is warranted in this matter.

(Memorandum in Support of Petition for Writ of Habeas Corpus, Exhibit A, pg. 4) (emphasis added). Again, this response was obviously inappropriate for an appeal of case 3536.

After receiving these responses, petitioner filed the instant federal petition in February 2009. On September 15, 2009, TDCJ sent a letter to petitioner stating,

> Disciplinary case # 200803<u>23536</u> was investigated. Please be advised that due to a computer error, the wrong disciplinary case (#200803<u>23482</u>) was reviewed. During the review of Disciplinary Case # 200803<u>23536</u> it was found that there was an error. Due to the error, Disciplinary Case # 200803<u>23536</u> will be dismissed and the records regarding the case will be corrected.

(Amended Petition for Writ of Habeas Corpus, Exhibit C, pg. 1) (emphasis added). Shortly thereafter, respondent filed a Motion to Dismiss as Moot, based on TDCJ's dismissal of case 3536.

II.
PETITIONER'S ALLEGATIONS

Petitioner appears to allege:

1. The evidence supporting the guilty finding is insufficient, and TDCJ failed to conduct a proper investigation before entering a guilty finding.

2. The punishment assessed was too severe and outside TDCJ guidelines.

3. The appeal process violated petitioner's due process and equal protection rights.

4. TDCJ's denial of relief on appeal was based on an unreasonable determination of the facts in light of the evidence.

Petitioner originally sought to overturn case 3536, have it and all other cases after it expunged from his record, and receive a new disciplinary hearing. After TDCJ dismissed the case itself, however, petitioner amended his petition and now seeks additional relief in the form of $200,000 in damages.

## III.
## THE IMPACT OF DISMISSAL

Under the United States Constitution, federal courts cannot issue advisory opinions nor "decide questions that cannot affect the rights of litigants in the case before them." *John Doe #1 v. Veneman*, 380 F.3d 807, 814 (5th Cir. 2004). "The exercise of judicial power under Article III of the United States Constitution depends upon the existence of a case or controversy. Without an actual case or controversy, a federal court has no jurisdiction." *Id.* Further, an actual controversy must exist at all stages of litigation, not merely at the time the complaint is filed. *Id.* If a controversy that once existed no longer exists, a claim based on that controversy is moot. *Id.*

> In general, a matter is moot for Article III purposes if the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome. To have a legally cognizable interest in the outcome, a plaintiff must demonstrate an injury traceable to the defendant that is susceptible to some judicial remedy.

*Id.* (internal quotation omitted).

Therefore, the dismissal and expungement of a disciplinary case renders claims for federal habeas corpus relief based upon that case moot. *See Bailey v. Southerland*, 821 F.2d 277, 279 (5th Cir. 1987). The federal court in which the claim was filed loses its jurisdiction and is prohibited, under the Constitution, from ruling on the merits of the case. *See John Doe #1*, 380 F.3d at 814.

As reviewed above, TDCJ dismissed case 3536 in September 2009, and in doing so restored the previously revoked good-time credits. Even though an actual controversy existed at the time petitioner filed this case, TDCJ's subsequent dismissal of case 3536 nullified the actual controversy and, along with it, removed this Court's jurisdiction to rule on the merits of the grounds raised in the petition. *See id.*

Petitioner contends his case is not moot because he still suffers from the collateral consequences of the conviction, i.e. a L3 line class and a G5 custody classification, even though the good-time credits were restored.[1] Federal habeas relief is designed only to address allegations of deprivations of constitutional rights. *Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000). The Supreme Court has held that custody level does not implicate any constitutional right. *Sandin v. Conner*, 515 U.S. 472, 487, 115 S. Ct. 2293, 2302, 132 L. Ed. 2d 418 (1995). Likewise, line classification does not implicate any constitutional right. *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995) ("The loss of the opportunity to earn good-time credits, which might lead to earlier parole, is a collateral consequence of [a prisoner's] custodial status. Yet, such speculative, collateral consequences of prison administrative decisions do not create constitutionally protected liberty interests."). In fact, revocation of good-time credits is the only punishment in the prison disciplinary setting with constitutional implications. *See Malchi*, 211 F.3d at 957.

Assuming it is accurate, the Court understands petitioner's contention that TDCJ is still punishing him via his G5 classification and L3 line class. Changes in a petitioner's custody level or time-earning status, however, are not injuries for which a judicial remedy exists in federal habeas corpus. *See Sandin*, 515 U.S. at 487, 115 S. Ct. at 2302; *Luken*, 71 F.3d at 193. Thus, petitioner's contention must fail, as the Court in reviewing this habeas corpus petition is unable to address such "collateral consequences" when there is not a loss of good-time credits.

The issues presented by petitioner in his original and amended petitions are no longer live.

---

[1] In response to respondent's Motion to Dismiss, petitioner represented to the Court that the disciplinary case remained on his record. To resolve the matter, the Court issued a Briefing Order directing both petitioner and respondent to clarify whether the good-time credits had indeed been reinstated. In response to the briefing order, respondent attached petitioner's disciplinary records, which indicate the case has indeed been expunged from petitioner's records and the 730 days of good-time credits restored. Petitioner responded that the disciplinary case remained on his records, as evidenced by his reduced line status and increased custody level. Petitioner does not dispute that the good-time credits were, in fact, reinstated.

While it does not appear that case 3536 remains on petitioner's record, even if it did, petitioner no longer has a legally cognizable interest that the Court can address. The injuries petitioner suffers from, i.e. a L3 line class and G5 custody level, are not cognizable on habeas corpus review. *See John Doe #1*, 380 F.3d at 814. TDCJ's restoration of the good-time credits has effectively mooted all of petitioner's arguments.[2]

## IV.
## RECOMMENDATION

Petitioner has failed to present any meritorious constitutional claim. Therefore, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner ERIC DEWAYNE HODGE be DISMISSED and the Motion to Dismiss as Moot filed by respondent be GRANTED.

## V.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 11th day of December, 2009.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

---

[2] Furthermore, the additional relief of monetary damages that petitioner seeks cannot be awarded in a habeas corpus claim but must be instead brought in a section 1983 suit. *See Carson v. Johnson*, 112 F.2d 818, 820-821 (5th Cir. 1997).

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. Petitioner. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. Petitioner. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. Petitioner. 72(b)(2); *see also* Fed. R. Civ. Petitioner. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).